# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| DARWIN HUGGANS, | ) |
| Petitioner, | ) ) ) |
| v. | ) No. 4:18-CV-1935 JAR |
| T. G. WERLICH, | ) ) ) |
| Respondent. | ) ) |

## MEMORANDUM AND ORDER

This matter is before the Court on petitioner's motion for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. The motion is barred by the statute of limitations, and petitioner will be required to show cause why his application for relief should not be summarily dismissed.

### Background

In February of 1995, petitioner plead guilty to possession of cocaine. *See State v. Huggans*, No. 22931-03470-01 (St. Louis City Court, 22nd Judicial Circuit). He was sentenced to five (5) years' imprisonment in the Missouri Department of Corrections, concurrent with a prior ten (10) year sentence he received on August 3, 1990, for second degree drug trafficking in *State v. Huggans*, No. 891-03557 (St. Louis City Court, 22nd Judicial Circuit).

Petitioner failed to appeal his five-year sentence at the time he received his conviction in 1995. Rather, on September 29, 2009, petitioner filed a motion to vacate his sentence, pursuant to Mo.Sup.Ct.Rule 24.035. *Huggans v. State*, No. 1022-CC01896 (St. Louis City Court, 22nd Judicial Circuit). In his motion, filed fourteen years after his conviction, petitioner argued that newly-discovered evidence of police misconduct showed that he was innocent of the crime for which he had been convicted. Petitioner also asserted that his counsel had been ineffective because he relied

on allegedly false evidence and reports provided by police officers involved in the investigation when coercing him into pleading guilty. The court denied his motion to vacate on July 27, 2016.[1] *Id.*

On September 9, 2016, petitioner appealed the denial of his motion to vacate in the Court of Appeals. *Huggans v. State*, No. ED105524 (Mo.Ct.App.2017). The Court of Appeals affirmed the dismissal of the appeal as untimely on June 21, 2017. *Id.*

On September 14, 2017, petitioner filed a Missouri Rule 91 application for writ of habeas corpus in the Missouri Court of Appeals. *Huggans v. State*, No. ED105914 (Mo.Ct.App.2017). The Court denied petitioner's writ because he was not in state custody at the time of filing.[2] *Id.*

On October 13, 2017, petitioner filed a second Rule 91 application for writ of habeas corpus. However, this time he filed it in the Missouri Supreme Court. *Huggans v. State*, No. SC96734 (2017). Petitioner's request was denied on November 21, 2017. *Id.*

Petitioner placed the instant application for habeas corpus brought pursuant to 28 U.S.C. § 2254 in the prison mailing system on November 13, 2018.

Petitioner's claims in his motions were all based on his allegations that former St. Louis City Police Officer Bobby Lee Garrett provided false and misleading information to the Circuit Court in order to obtain a search warrant, and that Garrett planted evidence at the scene in order to

---

[1] There were some inconsistencies in the state court record as to whether petitioner's motion to vacate had been withdrawn and then resubmitted in the same case number over the course of several years. In the interim, several motions were filed by petitioner and counsel for petitioner. On July 16, 2012, counsel for petitioner filed in No. 22931-03470-01, a motion to set aside the judgment pursuant to Missouri Rule 74.06. On May 20, 2015, petitioner's counsel filed in No. 1022-CC01896 a motion to withdraw petitioner's guilty plea pursuant to Missouri Rule 29.07. Petitioner's counsel also sought to subpoena documents from the St. Louis Police Department and requested an evidentiary hearing. The Circuit Court quashed the request for subpoenas and held the request for evidentiary hearing in abeyance pending the outcome of the motion to vacate.

[2] Petitioner was in federal custody at the time of filing. *See United States v. Huggans*, 4:07CR541 CDP (E.D.Mo.2009). Following a bench trial, petitioner was convicted of conspiracy to distribute cocaine and attempt to possess with intent to distribute cocaine in violation of 21 U.S.C. §§ 846 and 841 (a)(1). He was sentenced to life imprisonment pursuant to 21 U.S.C. §§ 841(b)(1)(A)(ii)(II) and 851.

2

obtain petitioner's conviction. In his motions, petitioner identified Garrett as the arresting officer in his case.

**Legal Standard**

Under 28 U.S.C. § 2244(d):

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

**Discussion**

In the instant § 2254 motion, petitioner attacks his original 1995 conviction. He argues that his Fourth, Fifth, and Sixth Amendment rights were violated because he is actually innocent of the crime to which he pled guilty. He claims that former St. Louis police officer Bobby Garrett illegally searched his home, planted evidence there, and stole money from him. He further claims that his plea attorney should not have advised him to plead guilty and was ineffective for doing so.

3

Petitioner filed his § 2254 motion several years after the one-year limitations period. Petitioner argues, however, that the motion should not be dismissed as untimely because he is actually innocent. *See McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013) (in which the Court held that "actual innocence, if proved, serves as a gateway through which a petitioner may pass . . . [through the] expiration of the statute of limitations").

"To be credible, [a claim of actual innocence] requires petitioner to support his allegations of constitutional error with new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). In this case, the only evidence put forward by petitioner is his own conclusory allegations.[3] This is insufficient to support a claim of actual innocence.

The instant petition has been filed more than 23 years after petitioner's state court judgment of conviction became final.[4] As a result, the Court will order petitioner to show cause why the petition should not be dismissed as time-barred. *See Day v. McDonough*, 547 U.S. 198, 209 (2006) (district court must give notice to petitioner before sua sponte dismissing petition as time-barred).

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion for leave to proceed in forma pauperis [Doc. #2] is **GRANTED**.

---

[3] In his Memorandum, petitioner states that he made his attorney in his criminal case aware, as early as 1993, that he was "innocent" of the charges and that Garrett and the other officers at the scene had planted drugs in the apartment building at Montclair Avenue where he was arrested. Clearly petitioner was aware of the circumstances at the time he decided to give up his right to a jury trial, and at the time he decided to change his plea from not guilty to guilty, and to admit under oath that he possessed the cocaine as charged. None of these allegations about police misconduct are "newly discovered evidence" such that petitioner can now claim actual innocence. Moreover, petitioner could have raised these issues in a timely filed appeal of his conviction, a timely post-conviction motion, as well as a timely application for writ of habeas corpus. Failing to timely raise these issues means that he is now barred from doing so.
[4] Where, as here, a Missouri petitioner does not immediately appeal his judgment of conviction, the judgment becomes final ten days after it is entered. *See* Mo. S. Ct. R. 81.04.

4

**IT IS FURTHER ORDERED** that petitioner shall show cause, in writing and **no later than twenty-one (21) days from the date of this Order**, why this action should not be dismissed as time-barred.

**IT IS FURTHER ORDERED** that petitioner's motion for discovery [Doc. #3] is **DENIED** without prejudice given the Order to Show Cause.

**IT IS FURTHER ORDERED** that if petitioner fails to comply with this Order, this action will be dismissed.

Dated this 14th day of August, 2019.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE