UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| DARWIN HUGGANS, | ) | |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | No. 4:18-CV-1935 JAR |
| T. G. WERLICH, | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on petitioner's response to the order to show cause.[1] Having carefully reviewed petitioner's response, the Court concludes that his arguments are without merit, and that the instant action is time-barred under 28 U.S.C. § 2244.

## Background

In February of 1995, petitioner plead guilty to possession of cocaine. *See State v. Huggans,* No. 22931-03470-01 (St. Louis City Court, 22nd Judicial Circuit). He was sentenced to five (5) years' imprisonment in the Missouri Department of Corrections, concurrent with a prior ten (10) year sentence he received on August 3, 1990, for second degree drug trafficking in *State v. Huggans*, No. 891-03557 (St. Louis City Court, 22nd Judicial Circuit).

Petitioner failed to appeal his five-year sentence at the time he received his conviction in 1995. Rather, on September 29, 2009, petitioner filed a motion to vacate his sentence, pursuant to Mo.Sup.Ct.Rule 24.035. *Huggans v. State*, No. 1022-CC01896 (St. Louis City Court, 22nd Judicial Circuit). In his motion, filed fourteen years after his conviction, petitioner argued that newly-

---

[1] On August 14, 2019, the Court ordered petitioner to show cause as to why the Court should not dismiss the instant application for writ of habeas corpus as time-barred.

discovered evidence of police misconduct showed that he was innocent of the crime for which he had been convicted. Petitioner also asserted that his counsel had been ineffective because he relied on allegedly false evidence and reports provided by police officers involved in the investigation when coercing him into pleading guilty. The court denied his motion to vacate on July 27, 2016.[2] *Id.*

On September 9, 2016, petitioner appealed the denial of his motion to vacate in the Court of Appeals. *Huggans v. State*, No. ED105524 (Mo.Ct.App.2017). The Court of Appeals affirmed the dismissal of the appeal as untimely on June 21, 2017. *Id.*

On September 14, 2017, petitioner filed a Missouri Rule 91 application for writ of habeas corpus in the Missouri Court of Appeals. *Huggans v. State*, No. ED105914 (Mo.Ct.App.2017). The Court denied petitioner's writ because he was not in state custody at the time of filing.[3] *Id.*

On October 13, 2017, petitioner filed a second Rule 91 application for writ of habeas corpus. However, this time he filed it in the Missouri Supreme Court. *Huggans v. State,* No. SC96734 (2017). Petitioner's request was denied on November 21, 2017. *Id.*

---

[2]There were some inconsistencies in the state court record as to whether petitioner's motion to vacate had been withdrawn and then resubmitted in the same case number over the course of several years. In the interim, several motions were filed by petitioner and counsel for petitioner. On July 16, 2012, counsel for petitioner filed in No. 22931-03470-01, a motion to set aside the judgment pursuant to Missouri Rule 74.06. On May 20, 2015, petitioner's counsel filed in No. 1022-CC01896 a motion to withdraw petitioner's guilty plea pursuant to Missouri Rule 29.07. Petitioner's counsel also sought to subpoena documents from the St. Louis Police Department and requested an evidentiary hearing. The Circuit Court quashed the request for subpoenas and held the request for evidentiary hearing in abeyance pending the outcome of the motion to vacate.

[3]Petitioner was in federal custody at the time of filing. *See United States v. Huggans,* 4:07CR541 CDP (E.D.Mo.2009). Following a bench trial, petitioner was convicted of conspiracy to distribute cocaine and attempt to possess with intent to distribute cocaine in violation of 21 U.S.C. §§ 846 and 841 (a)(1). He was sentenced to life imprisonment pursuant to 21 U.S.C. §§ 841(b)(1)(A)(ii)(II) and 851.

Petitioner placed the instant application for habeas corpus brought pursuant to 28 U.S.C. § 2254 in the prison mailing system on November 13, 2018.

Petitioner's claims in his motions were all based on his allegations that former St. Louis City Police Officer Bobby Lee Garrett provided false and misleading information to the Circuit Court in order to obtain a search warrant, and that Garrett planted evidence at the scene in order to obtain petitioner's conviction. In his motions, petitioner identified Garrett as the arresting officer in his case.

On August 14, 2019, the Court ordered petitioner to show cause why his application for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 should not be dismissed as untimely, as petitioner was attacking his 1995 conviction more than twenty-one (21) years late.

Petitioner responded to the Court's Order to Show Cause on October 1, 2019. However, on November 15, 2019, petitioner filed a motion to supplement his application for writ of habeas corpus, simultaneously filing an additional one-hundred and nineteen (119) pages with the Court. On May 26, 2020, the Court ordered the State of Missouri to reply to the motion to supplement the application for writ of habeas corpus. In recognition that the matter was still in Rule 4 review,[4] the Court vacated its May 26, 2020 Memorandum and Order on June 2, 2020. In accordance with the Memorandum and Order entered on today's date, the Court will grant petitioner's motion to supplement his petition. *See* Docket No. 12.[5]

---

[4] Rule 4 of the Rules Governing Section 2254 Cases. Rule 4 provides: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

[5] Petitioner has filed a "motion for clarification" with respect to the Order to Vacate entered on June 2, 2020. As the Court has explained the reasoning for the Order to Vacate in the instant matter, as well as in the June 2, 2020 Order, the Court will deny petitioner's motion for clarification as moot.

In petitioner's arguments before the Court, he asserts that he is actually innocent of the crimes for which he has been charged. Moreover, he claims that the State of Missouri engaged in a *Brady* violation by hiding exculpatory evidence from him, as revealed in police reports provided to him in 2009.[6]

## Discussion

Under 28 U.S.C. § 2244(d), a one-year statute of limitations period applies to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State Court. The limitations period in this instance runs from ten (10) days after petitioner's judgment, as he failed to appeal his conviction or sentence.[7] Thus, petitioner's statute of limitations period expired roughly in February of 1996.

Despite the clear untimeliness of his habeas petition, petitioner asserts that his petition should be subject to equitable tolling due to the ineffectiveness of his counsel in suggesting that he plead guilty, the actions of the arresting officer in his state case, the fact that he was actually innocent of the crime for which he plead guilty, and because he purportedly has evidence of a *Brady* violation by the State prosecutors in his criminal case.

Equitable tolling can apply to the one-year statute of limitations for a motion to vacate under 28 U.S.C. § 2254 and excuse a late filing "where 'extraordinary circumstances' beyond a prisoner's control prevent timely filing." *United States v. Martin,* 408 F.3d 1089, 1092-93 (8th Cir. 2005) (citations omitted). However, equitable tolling should only apply where the movant has demonstrated that he has been pursuing his rights diligently. *See id.* at 1095 (citation omitted). Equitable tolling is an extraordinary remedy used only in rare circumstances, and "affords the

---

[6] Petitioner asserts this argument in his supplement to his habeas corpus petition. Docket No. 12.
[7] Where, as here, a Missouri petitioner does not immediately appeal his judgment of conviction, the judgment becomes final ten days after it is entered. *See* Mo. S. Ct. R. 81.04.

4

otherwise time-barred petitioner an exceedingly narrow window of relief." *Jihad v. Hvass*, 267 F.3d 803, 805 (8th Cir. 2001). Application of equitable tolling "must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes." *Id.* at 806 (quoting *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000)).

Petitioner claims that former St. Louis police officer Bobby Garrett illegally searched his home, planted evidence there, and stole money from him. He further claims that his plea attorney should not have advised him to plead guilty and was ineffective for doing so. First and foremost, the Eighth Circuit Court of Appeals has held that faulty legal assistance alone does not warrant equitable tolling of the statute of limitations. *See Beery v. Ault,* 312 F.3d 948, 951 (8th Cir.2002) ("[i]neffective assistance of counsel generally does not warrant equitable tolling"); *Sellers v. Burt,* 168 Fed.Appx. 132, 133 (8th Cir.) (unpublished opinion) (rejecting petitioner's argument that the statute of limitations should be tolled "because his state post-conviction attorney failed to communicate with him and did not send his case file"); *Greene v. Washington,* 14 Fed.Appx. 736, 737 (8th Cir.2001) (rejecting equitable tolling argument based on alleged mistake by post-conviction attorney) (unpublished opinion).

Additionally, there is no indication that petitioner's claims of actual innocence are credible such that they should toll the statute of limitations. *See McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013) (in which the Court held that "actual innocence, if proved, serves as a gateway through which a petitioner may pass . . . [through the] expiration of the statute of limitations").

"To be credible, [a claim of actual innocence] requires petitioner to support his allegations of constitutional error with new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial."

5

*Schlup v. Delo*, 513 U.S. 298, 324 (1995).  In this case, the only evidence put forward by petitioner is his own conclusory allegations.

In his petition, as well as his Response to the Order to Show Cause, petitioner states that he made his attorney in his criminal case aware, as early as 1993, that he was "innocent" of the charges and that Garrett and the other officers at the scene had planted drugs in the apartment building at Montclair Avenue where he was arrested.

Clearly petitioner was aware of the circumstances at the time he decided to give up his right to a jury trial and to admit under oath that he possessed the cocaine as charged. Additionally, Garrett was convicted in 2009 of various crimes he committed in 2007 and 2008, and news about Garrett was in the newspaper relating to Garrett's convictions for theft of government property, conspiracy to commit wire fraud, making false statements and misapplication of government funds. *See Boyd v. Executive Office for United States Attys*, 87 F.Supp.3d 58, 78 (D.D.C. 2015); *see also, Cox v. United States*, No. 4:10-CV-1572 CEJ, 2010 WL 5146665 (E.D.Mo. Dec. 13, 2010) (partially overturning Cox's sentence because of Garrett's false testimony at his trial).

None of these allegations about police misconduct are "newly discovered evidence" such that petitioner can now claim actual innocence. Moreover, petitioner could have raised his actual innocence claims in a timely filed appeal of his conviction, a timely post-conviction motion, as well as a timely application for writ of habeas corpus. Failing to timely raise these issues means that he is now barred from doing so.

Furthermore, petitioner knew from the time of his arrest whether cocaine was purportedly planted. Yet, he waited until Garrett's indictment and conviction to attempt to overturn his 1995 conviction. Petitioner cannot now successfully claim that Garrett's indictment and conviction for similar conduct that occurred years after petitioner's arrest in unrelated cases should be considered

6

newly-discovered evidence in his case. *See Howard v. United States*, 2008 WL 1925166, at *2 (E.D.Mo. Apr. 30, 2008); *see also Brett v. United States*, 2010 WL 5285322, at *5–6 (E.D.Mo. Dec. 17, 2010). Consequently, the petition is time barred and must be denied because petitioner could have discovered facts supporting his claims through the exercise of due diligence and could have filed this petition well before Garrett's conduct was revealed through his own sentencing. *See Anjulo–Lopez*, 541 F.3d at 817–18.

Additionally, as petitioner has indicated, in pursuing his post-conviction relief motion, he sought records from the St. Louis Police Department, and in the context of a hearing on a motion to quash, the St. Louis Police Department brought forth Sergeant Harrington, one of the officers who accompanied Garrett on the search of petitioner's home during the course of his arrest. *Huggans v. State*, No. 1022-CC01896 (St. Louis City Court, 22nd Judicial Circuit). The Court found, as outlined in its Memorandum and Order issued on July 27, 2016:

> Sgt. Harrington testified that he was the officer who entered the flat in which movant was found and who searched a closet and found a jacket containing the cocaine, and who asked whose jacket it was, and to whom movant answered that it was his, and who then arrested movant; and that all of this was indicated in the police report of the incident. The report had been provided in discovery to movant's trial attorney prior to movant's guilty plea in 1995. Movant's contention in his motion and affidavit that Garrett was the one who found the cocaine or who arrested him was not supported by any credible evidence. In addition, movant presented no evidence that the search warrant was procured through the providing of false or misleading information by Officer Garrett; or that the cocaine was "planted" by anyone.

*Id.*

As noted by Officer Harrington who found the drugs at the time of petitioner's arrest, the drugs found at the home at the time of petitioner's arrest were found in a coat to which petitioner claimed ownership. Petitioner has attempted to obscure this issue with his purported arguments as to alleged "new evidence," which the Court will address *infra*. However, there is nothing more

7

than petitioner's own conclusory allegations relating to his "actual innocence," which occurred more than twenty years after the fact. The Court finds that petitioner's own conclusory allegations are not enough to overcome the time bar as set forth in *McQuiggen*.

Last, petitioner asserts that prosecutors in his criminal case withheld "exculpatory evidence" in what he perceives to be a *Brady* violation. Petitioner asserts that he received the information in 2009, showing that a co-defendant who shared the house at which he was found with drugs, admitted that some of the drugs found in the house they shared were his. Petitioner objects that this "evidence" was not turned over to him at the time he pled guilty in 1995. Unfortunately, these facts do not assist petitioner's claims for statutory tolling in this instance.

Petitioner's co-defendant, Perry Forrest, was purportedly found with cocaine and firearms by another St. Louis Police Department Officer, Officer Froehlich, as testified to at the same motion to quash hearing as referenced above. *Huggans v. State*, No. 1022-CC01896 (St. Louis City Court, 22nd Judicial Circuit). Purportedly, although a police report was made of the drugs and firearms on the premises and Forrest was taken into custody on the night of December 9, 1993, he was never charged with any criminal offense.

As shown at the hearing, Forrest and petitioner lived in a four-flat house, with petitioner living in the top floor and Forrest living in the bottom floor apartment. Although both floors were subjected to the search warrant executed on December 9, 1993, drugs were found in both apartments and Forrest and Huggans were taken into custody at the time of the search. As Officer Harrington testified at the motion to quash hearing in 2016, Officer Harrington was involved only in the search of Huggans' apartment, and Huggans was charged relative to the drugs found by Officer Harrington in the jacket that petition identified as his.

Perry Forrest testified in the same hearing that he had drugs and guns concealed in the top of his canopy bed in the lower apartment in the same building, but Officer Froehlich was one of the officers tasked with searching Forrest's residence. Huggans believes that the failure of the prosecutor to charge Forrest, and the decision not to tell him as such until 2009, is a *Brady* violation.[8]

In *Brady*, the Court held that "suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." *Brady v. Maryland*, 373 U.S. 83, 87 (1963). As noted above, there were two separate sources of drugs in the four-flat, as outlined by the evidence in the record. The Court cannot say that the prosecutor's decision not to charge petitioner's co-defendant was a *Brady* violation, something petitioner was no doubt aware of at the time he was charged and his friend and house-mate was released back to the residence they shared. Additionally, petitioner's assertion that he became "aware" that Forrest was claiming that the drugs in his own flat on the first floor were his, as late of 2009, makes no difference to the drugs found in the coat in petitioner's upstairs flat by Officer Harrington. There is nothing in the record showing that Forrest took responsibility for all of the drugs in the house. Moreover, even if he had, and petitioner knew about it as early as 2009. His failure to bring it to this Court's attention within the one-year statute of limitations is fatal to his claim for relief.

Having determined that the motion was untimely filed, and having considered movant's response, the Court will dismiss the motion pursuant to Rule 4(b) of the Rules Governing Section 2254 proceedings in the United States District Courts. *See Day v. McDonough*, 547 U.S. 198, 210

---

[8] The Court is somewhat skeptical of petitioner's assertions that he did not know of Forrest's lack of charges relative to the search. They lived in the same house and Forrest referred to Huggans as his "step-brother" at the 2016 hearing.

9

(2006) (a district court may consider, on its own initiative, whether a habeas action is time-barred, but must provide notice to the movant before dismissing it as such).

The Court has considered whether to issue a certificate of appealability. To do so, the Court must find a substantial showing of the denial of a federal constitutional right. *See Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997). A substantial showing is a showing that issues are debatable among reasonable jurists, a Court could resolve the issues differently, or the issues deserve further proceedings. *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997) (citing *Flieger v. Delo*, 16 F.3d 878, 882–83 (8th Cir. 1994)). Movant herein has made no such showing, and the Court will therefore not issue a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion to supplement his application for writ of habeas corpus [Doc. #12] is **GRANTED**.

**IT IS FURTHER ORDERED** that petitioner's application for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 is **DENIED AND DISMISSED AS TIME-BARRED**.

**IT IS FURTHER ORDERED** that petitioner's motion for clarification [Doc. #16] is **DENIED AS MOOT as the Court has clarified the record on two separate occasions relative to the Order to vacate entered on June 2, 2020.**

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue.

Dated this 22nd day of June, 2020.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE